IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-52,086-02






EX PARTE TERRY COX DILLARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15755 IN THE 2ND DISTRICT COURT


FROM CHEROKEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
tampering with physical evidence and sentenced to six years' imprisonment. He did not appeal
his conviction.

 Applicant contends that his guilty plea was involuntary and his trial counsel rendered
ineffective assistance because: Applicant's plea was entered pursuant to an agreement that
punishment would be assessed at two years, and counsel did not seek to have Applicant's plea
withdrawn when that agreement was not followed; counsel did not investigate or litigate whether
Applicant concealed the evidence with knowledge that an investigation was in progress or with
intent to impair its availability as evidence in the official proceeding related to that investigation;
and counsel did not advise Applicant of his right to appeal with appointed counsel and a free
record. The State has filed no response and the trial court has made no findings of fact.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel investigated the intent
and knowledge elements of this offense, what he advised Applicant concerning the State's ability
to prove those elements, whether he attempted to withdraw Applicant's guilty plea if a plea
agreement was not followed; and what he advised Applicant concerning his right to appeal. The
court should determine whether the performance of Applicant's trial attorney was deficient and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: August 30, 2006

Do not publish